IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02368-PAB-MJW

EVA BIG MEDICINE,

    Applicant,

v.

JAMES BEGAY, Acting Supervisory Correctional Specialist, Chief Ignacio Justice Center, Bureau of Indian Affairs, Ute Mountain Ute Agency, and
MICHELLE KEDELTY, Supervisory Correctional Specialist, Chief Ignacio Justice Center, Bureau of Indian Affairs, Ute Mountain Ute Agency,

    Respondents.

---

## ORDER OF DISMISSAL WITHOUT PREJUDICE

---

This matter comes before the Court on applicant Eva Big Medicine's ("Big Medicine") Petition for Writ of Habeas Corpus [Docket No. 1] filed on October 31, 2008. On November 10, 2008, I ordered the respondents, James Begay and Michelle Kedelty, to show cause why the application for a writ of habeas corpus should not be granted. Respondents submitted their response [Docket No. 9] to the Order to Show Cause on December 1, 2008, arguing, among other things, that Big Medicine's petition would soon become moot due to her imminent release from federal custody. On December 15, 2008, respondents filed a supplement to their response [Docket No. 10], in which they confirmed that Big Medicine was in fact released from their custody on December 12, 2008. Having reviewed the petition, the response to the Order to Show Cause, and the supplement thereto, I conclude that Big Medicine's claims for relief are moot and, therefore, must be dismissed without prejudice.

Article III of the United States Constitution requires those seeking to invoke the jurisdiction of the federal courts to allege an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Such a case or controversy must generally exist throughout the litigation; if a controversy ceases to exist, the action is moot and the court lacks jurisdiction. *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008). When circumstances dictate that the court cannot possibly grant any effectual relief to a prevailing party, a "case or controversy" no longer exists. *Colorado Off Highway Vehicle Coalition v. U.S. Forest Serv.*, 357 F.3d 1130, 1133 (10th Cir. 2004). Thus, "[i]f an event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed." *Chihuahuan Grasslands*, 545 F.3d at 891 (quoting *Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997)).

Through her petition, Big Medicine sought a writ of habeas corpus mandating her immediate release from the custody of the respondents. Big Medicine advanced a number of grounds in support of her petition, including alleged evidentiary deficiencies undergirding the imposition of a deferred six-month sentence, purported prosecutorial malfeasance, and *ultra vires* governmental conduct. Each of Big Medicine's arguments targeted the legality of her detention by the respondents and were offered to free her from such confinement.[1] *See* Pet. for Writ of Habeas Corpus [Docket No. 1] at 30-31.

---

[1] While Big Medicine requests that this Court "[e]nter an Order that the Court shall retain jurisdiction over this matter to permit the Petitioner to respond to arguments advanced by Respondent [sic] on matters related to his [sic] continued detention," I construe this as a plea for relief in the alternative to Big Medicine's request that a writ of habeas corpus issue. Pet. for Writ of Habeas Corpus [Docket No. 1] at 30. Moreover, because there is no longer any "continued detention," this request for relief is subject to

2

On November 25, 2008, the Supreme Court of the Cheyenne-Arapaho Tribes decided Big Medicine's direct appeal of the imposition of her deferred sentence, ordering that she be released on December 12, 2008. *See* Ex. A-4 to Resp. to Order to Show Cause [Docket No. 9]. Respondents complied with this court order and terminated Big Medicine's detention on December 12, 2008. *See* Ex. A-1 to Suppl. to Resp. to Order to Show Cause [Docket No. 10]. In light of these events, even if this Court ultimately found the arguments raised in Big Medicine's petition to be meritorious, the Court is unable to grant Big Medicine any effectual relief beyond what she has already received from the Cheyenne-Arapaho Supreme Court. Big Medicine's petition for a writ of habeas corpus is therefore moot and must be dismissed. *See Chihuahuan Grasslands*, 545 F.3d at 891; *Unified Sch. Dist. No. 259 v. Disability Rights Ctr. of Kansas*, 491 F.3d 1143, 1150 (10th Cir. 2007). In addition, Big Medicine has not proffered any reasons why an exception to the mootness doctrine applies in this case, nor has the Court identified any applicable exception based on the present record.

Accordingly, it is

**ORDERED** that this matter is dismissed without prejudice as moot.

DATED December 30, 2008.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge

---

the same mootness analysis discussed *infra*.